LOUIS G. BIEL, Appellant, v. EVELYN M. GOD-
WIN, Formerly EVELYN M. BIEL, Respondent.

No. 3690

June 19, 1952.                    245 P.2d 997.

*Hawkins and Cannon,* of Las Vegas, for Appellant.

*Gregory and Callister,* of Las Vegas, for Respondent.

# OPINION

By the Court, MERRILL, J.:

This is an action brought upon a foreign judgment. On August 22, 1938 respondent as plaintiff wife secured an interlocutory decree of divorce from appellant in the state of California, which decree awarded her custody of the minor children of the parties and ordered that appellant pay her the sum of $50 a month for their support. On September 18, 1939 that decree was made final. On April 7, 1950 this action was brought by respondent to secure the sum of $3,145 accrued support payments. Judgment was rendered in that amount following trial before the court without a jury. This appeal is taken from that judgment and from order denying new trial.

Appellant first contends that the California judgment was not final since it was at all times subject to modification; that until steps were first taken in the California suit to establish the amount of accrued payments then due, no action upon that judgment could be maintained. In California, as in most states, the jurisdiction to modify an award of support applies only as to future installments. As to those already accrued the judgment

is final. Parker v. Parker, 203 Cal. 787, 266 P. 283; Keck v. Keck, 219 Cal. 316, 26 P.2d 300; Dreesen v. Dreesen, 31 Cal.App.2d 479, 88 P.2d 223. Accordingly, as to accrued installments full faith and credit must be accorded the California judgment. Establishment by that court of the amount of accrued payments is not necessary. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A. (N.S.) 1068, 20 Ann.Cas. 1061; McGregor v. McGregor, 52 Colo. 292, 122 P. 390.

Appellant next contends that all payments accruing prior to April 7, 1944 are barred by the statute of limitations since a cause of action arose on each payment as it became due. It appears from the complaint that out of a total sum of $6,900 accruing under the California decree the sum of $3,755 had been paid. It does not appear that any specific application of these payments was made by either party. In the absence of such application the general rule is that the court will make application to the oldest debt. See 70 C.J.S. 275 (Payment, sec. 72). Simple arithmetic demonstrates that with such application no part of the sum sought accrued beyond the statutory period of six years.

Appellant next contends that respondent is estopped to demand more than $40 a month after November, 1941, for the reason that in that month he informed her that he would cease all payments unless she accepted the lesser sum. Respondent denied receiving any such letter and denied that she had ever agreed to a lesser sum than $50 a month. The trial court specifically declared that appellant had failed in his proof that any understanding had been reached in this regard and specifically found that respondent did not agree to any such reduction. Under the state of the record we are unable to disturb that finding. Estoppel by acceptance of benefits may not, then, be asserted. See 19 Am.Jur. 692 (Estoppel, sec. 65). "The payment of a valid and

undisputed past-due debt cannot be the basis of an estoppel, and an acceptance of a portion of that to which a party is entitled, unless it is done by way of compromise and settlement or accord and satisfaction, is not a bar to the subsequent assertion of a claim for the balance, * * * ."

Appellant next contends that during a portion of the period covered by the payments the children were self-supporting; that under the agreement which was the basis for the California decree, payments were then to cease. That agreement provides for the payment of support "until such time that said minor children are self-supporting or have arrived at the age of majority." The court below found that the children were not self-supporting at the time this action was brought. It is clear that any self-support provided by the children was temporary at most and would warrant at most a reduction in amount of the payments rather than a termination of the father's obligation of support. This, we feel, is not proper matter of defense in this action but is rather matter which might have formed a basis for modification of the California decree. Rosher v. Superior Court, 9 Cal.2d 556, 71 P.2d 918.

Appellant next contends that the California decree is unenforceable for uncertainty in that it does not specifically state when payments were to begin or cease. This point was not raised in the trial below and will not here be considered for the first time. Appellant contends, however, that this same uncertainty is carried into the complaint, rendering it generally demurrable. The complaint, however, does not incorporate the California decree in full but merely refers to it. If there be any defect in the decree it does not appear upon the face of the complaint. The complaint itself was not attacked as ambiguous by special demurrer.

Finally appellant contends that (recognizing his obligation to pay $50 each month) proof of payment demonstrates that at most judgment should have been in the sum of $1,275. Respondent testified categorically that the total sum she had received was $3,755. This was disputed by appellant's testimony but still provides evidence in support of the court's findings which, accordingly, we are not willing to disturb. Appellant contends, however, that respondent under cross-examination abandoned her position as to the total sum received by admitting that with certain specific exceptions the sum of $40 had been received each month; that at most under these circumstances the sum of $1,275 would now be due. After a careful reading of the pertinent portion of the respondent's cross-examination in its entirety, we have reached the conclusion that she did not abandon or weaken her position. The effect of that cross-examination would appear to be simply to establish that with certain exceptions, such payments *as were received* were in the sum of $40.

Judgment and order of the trial court are affirmed with costs.

BADT, C. J., and EATHER, J., concur.