PATRICIA ETHEL PEOT, APPELLANT, *v.* WILLIAM FORREST PEOT, RESPONDENT.

No. 8231

June 24, 1976                    551 P.2d 242

*R. Paul Sorenson,* Las Vegas, for Appellant.

*Keefer, Clark & O'Reilly,* Las Vegas, for Respondent.

## OPINION

By the Court, BREEN, D. J.:[1]

On November 15, 1962, William and Patricia Peot were divorced in the Eighth Judicial District Court. A provision of the decree ordered William to pay to Patricia $100.00 per month for the support of their minor child.

Patricia subsequently moved to Wisconsin, where she filed a petition under the Uniform Reciprocal Enforcement of Support Act [URESA], (see Stats. of Nev. 1955, ch. 44, pp. 60–65, codified as NRS ch. 130), for arrearages due under the decree. Thereafter, on September 26, 1963, Justice Mowbray, then a district judge, ordered William to pay Patricia the sum of $50.00 per month for the support of their child, commencing October 1, 1963, and continuing until the child reached the age of eighteen years or until further order of the court.

On March 8, 1974, Patricia filed a motion for judgment for arrearages due under the original decree. She also asked that William be held in contempt, an issue not pursued below. When the motion came on for hearing the parties stipulated that William had paid all sums due under the 1963 URESA order and whatever might be ordered to be paid under the original decree was a matter of computation. The controversy was submitted on briefs and in an order filed September 30, 1974, Judge Wendell concluded that the 1963 URESA order modified the support provisions of the original decree and, therefore, no arrearages had accrued thereon. Patricia has appealed.

The purposes of the URESA, as stated in NRS 130.030, are ". . . to improve and extend . . . the enforcement of

---

[1]The Governor, pursuant to Article VI, § 4 of the Constitution, designated the Honorable Peter I. Breen, Judge of the Second Judicial District, to sit in place of the Honorable John C. Mowbray, who voluntarily disqualified himself in this case.

duties of support." NRS 130.050 emphasizes the remedies provided in the act ". . . are in addition to and not in substitution for any other remedies."

William argues we should affirm because, under the holding in State of Illinois v. Sterling, 80 N.W.2d 13 (Minn. 1956), a reciprocal support order issued by a responding court automatically modifies a divorce decree. *Sterling* merely holds that in an appropriate case, on an appropriate motion, the court *may* do so. (Our emphasis.)

Since 1969 a URESA order, entered by a Nevada court, may permit a modification, if it is specifically provided for in the reciprocal support order. See Stats. of Nev. 1969, ch. 346, p. 600 et seq. The reciprocal support order issued on September 26, 1963, evidenced no intention by the district court to modify or supersede the support provisions of the original decree. Furthermore, Stats. of Nev. 1955, ch. 44, § 28, p. 65, in effect at that time, clearly stated that a URESA order ". . . shall not supersede any previous order of support . . ." Thus, any rationale pertaining to the 1969 amendment is not pertinent to this case. Accordingly, we hold the statute (Stats. of Nev. 1955, ch. 44, § 28) means exactly what it says. Where the meaning of a statute is clear and unambiguous, there is no room for construction and the court's duty is simply to enforce the statute. In Re Walters' Estate, 60 Nev. 172, 104 P.2d 968 (1940).

William also asserts that our statute of limitations bars recovery of any payments accrued prior to six years of the filing of Patricia's motion; and, that her claim is barred by laches. William failed to raise either of these contentions below and he is, therefore, precluded from asserting them on appeal. Gibbons v. Martin, 91 Nev. 269, 534 P.2d 915 (1975).

The lower court erroneously concluded that the same parties and the same subject matter were before the court which justified a modification of a former divorce decree. Actually, the circumstances surrounding the two proceedings are quite different. For example, one seeking support under URESA is not usually present in the responding state, and relies upon the prosecuting attorney of the various states in which the obligor is found. In a reciprocal proceeding, the court is not bound by the "changed circumstances" doctrine and is primarily concerned with enforcement of support. On the facts

of this case, it is doubtful that Patricia had due notice and opportunity to be heard concerning the effect of the reciprocal support hearing now imposed by the lower court.

The order of the lower court is reversed. However, since that court did not consider its discretionary powers under NRS 125.140, this case is remanded to permit consideration and resolution of the motion for arrearages, in light of this opinion.

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.