GEORGE FOSTER, APPELLANT, *v.* BEVERLY MARSHMAN, RESPONDENT.

No. 11872

May 22, 1980                                    611 P.2d 197

*Paul H. Lamboley* and *Robert M. Sader,* of Reno, for Appellant.

*Wilson and Henderson* and *Gary Nelson,* of Reno, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant George Foster contends the trial court should have found that respondent Beverly Marshman was precluded from recovering child support arrearages due to equitable defenses he asserted. We disagree and affirm this portion of the order of the lower court. Appellant further contends that support payments were improperly allocated to the oldest debt first. We believe this contention has substantial merit, and reverse.

Pursuant to a divorce decree rendered in 1960 in Washoe County, George was ordered to pay Beverly thirty dollars per month for each of the three children the issue of the marriage. Beverly and the children then moved to California while George remained in Nevada. In 1963, George instituted an action in a California superior court seeking to change child custody. The California court refused to modify and increased the child support to sixty dollars per month per child. Appellant paid this increased support for several months and then ceased paying any amount.

In 1967, Beverly initiated an action in California under the Uniform Reciprocal Enforcement of Support Act (URESA). The complaint stated that George had failed to provide support and that Beverly was obtaining financial assistance from the co-plaintiff County of Alameda. The complaint requested support at $200 per month, an increase from the previous order of $180 per month, and additionally complained that George be directed to reimburse the county for its expenses. The action was forwarded to the Washoe County District Attorney who, pursuant to Nevada's URESA statute, prosecuted appellant. George and the district attorney, representing the plaintiffs, stipulated to a judgment requiring appellant to pay thirty dollars per month per child. Appellant complied with this order.

In March of 1973, Beverly obtained an abstract of judgment in California certifying the 1963 order of support at sixty dollars per child. Subsequently, in May of 1973, the California court issued a Writ of Execution against George in the amount of $11,018 based upon the 1963 judgment. The present action was filed in August of 1976 to collect support arrearages accruing under the 1963 California judgment as reflected in the 1973

Writ of Execution. The district court held that the 1967 URESA order did not supersede any previous order of support and that Beverly did not waive any rights by initiating the URESA action and requesting the upward modification. The court also found August 1, 1970 to be the applicable date under the statute of limitations. But the court applied George's payments subsequent to that date to accrued support prior to that date. The district court ruled that because the URESA payments were partial as to the 1963 order, they had to be applied to the oldest debt first. For the reasons hereinafter stated, we affirm the order finding no applicable equitable defenses and reverse that part of the order which provided for the application of payments to the oldest debt first.

    *1. Preclusion of Equitable Defenses.*

In Peot v. Peot, 92 Nev. 388, 551 P.2d 242 (1976), this court held that a URESA order would not supersede any previous order of support. *Id.* at 390, 551 P.2d at 243–44, *citing* 1955 Nev. Stats. ch. 44, § 28, at 65. In 1969, the legislature provided that such an order, entered by a Nevada court, could permit a modification if there was a specific provision for such modification in the order. 1969 Nev. Stats. ch. 346, § 23, at 607 (codified in NRS 130.280).

Appellant asserts that respondent, by stipulating to the URESA judgment through the district attorney and by acting in accordance with it by accepting subsequent payments, waived her right to accrued support, is estopped from asserting the 1963 California order and is guilty of laches in prosecuting this enforcement action. Appellant argues that Nevada law and *Peot* should not be applied and, even if it is, that *Peot* should be limited in application. We cannot agree.

According to NRS 130.090, the duties of support under URESA "are those imposed under the laws of any state where the obligor was present during the period for which support is sought." This statute, combined with the fact that both parties were before the district court, makes Nevada law applicable. *See* Elkind v. Byck, 439 P.2d 316 (Cal. 1968). In any event, under the law of either state, the lower court did not err.

[Headnote 1]

The laws of California and Nevada under URESA provide that the remedies in the Act "are in addition to and not in substitution for any other remedies" and support orders under the Act do not supersede or nullify support orders of any other state. Cal. Civ. Proc. Code §§ 1654, 1689 (West 1972); NRS 130.050, 130.280. Thus, the Nevada order in 1967 under URESA did not modify the obligation under the previous California order.

Appellant contends that according to California case law

dehors URESA, respondent's actions here amounted to a waiver or modification. Appellant's reliance is misplaced. In California, under authority cited by appellant, the courts have distinguished between their ability to modify support payments retroactively and their ability to deny enforcement of accrued support under a *writ of execution* on equitable grounds. In one case, a spouse acquiesced to a child living with the other spouse. Jackson v. Jackson, 124 Cal.Rptr. 101, 104 (Ct.App. 1975). In another case, the wife left the state with the child and hid. *In re* Marriage of Szamocki, 121 Cal.Rptr. 231, 235–36 (Ct.App. 1975). And, in Graham v. Graham, 345 P.2d 316, 318–19 (Ct.App. 1959), a spouse agreed to a certain amount of payments. These acts constituted a waiver of the enforcement of accrued support by way of a writ of execution or on an order to show cause. None of the waivers stemmed from an order under URESA which was involved in this case. Additionally, enforcement by way of a writ of execution in California is not subject to laches if it is within ten years of the installments due. Cal. Civ. Proc. Code § 681 (West Supp. 1980).

The stipulated order and subsequent obedience by appellant, along with respondent's acceptance of payments, does not amount to a waiver or modification by respondent. As recognized in *Peot,* the spouse seeking enforcement under URESA relies upon the prosecutor in the foreign state and is usually not present. The fact that the complaint requested more support is also not controlling.

2. *Allocation of Payments.*

In the absence of any specific application of partial payments in satisfaction of a support order, partial payments must be applied to the oldest debt first when the statute of limitations is a consideration. Biel v. Godwin, 69 Nev. 189, 191, 245 P.2d 997, 998 (1952). The record shows in this case that appellant made payments in accordance with the 1967 URESA order although the payments were not always timely. These payments were half of what was required under the 1963 California order. The trial court apparently agreed with counsel for respondent that the payments were to be applied to the oldest debt first. This satisfied the arrearages prior to 1970. Appellant argues that this application was erroneous and that appellant's post-1970 payments should have been applied to post-1970 accrued support. Due to the six-year statute of limitation, NRS 11.190(1)(a), recovery of support arrearages accruing prior to August of 1970 was barred. We are persuaded by appellant's argument.

Appellant's compliance with the 1967 URESA order demonstrated a specific application of payments. Under NRS 130.280(2),

> [a]mounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state pursuant to a proceeding under this chapter. Arrearages which have accrued prior to an order of a court of this state in a proceeding under this chapter shall be computed in a like manner.

We believe that this statute, coupled with our holding in *Biel,* requires that payments made pursuant to a URESA order in this state be credited against amounts accrued for the same period under the support order of another state. This was not done in the instant case. All payments made by appellant subsequent to August of 1970 under the 1967 URESA order must be applied to the amounts accruing for that period under the 1963 California order. Because specific calculations were not included in the findings of the district court, or found in the record before us, we must remand this proceeding for a determination of the proper amount owed.

We affirm the finding by the lower court that respondent is not precluded from recovery of accrued support by equitable defenses. We reverse the application of payments as determined by the district court and remand the case for further proceedings consistent with this opinion.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:
I concur in the result.