RONALD R. BROWN, APPELLANT, v. LEONA C. BROWN, RESPONDENT.

No. 10739

August 21, 1980                    615 P.2d 962

*Scotty Gladstone,* Las Vegas, for Appellant.

*Gary A. Bottinelli,* Commerce City, Colorado; *Cromer, Barker & Michaelson,* and *Michael Mansfield,* Las Vegas; and *Walter R. Cannon,* Las Vegas, for Respondent.

[2]The Chief Justice designated THE HON. DAVID ZENOFF, Senior Justice, to sit in the place of THE HON. E. M. GUNDERSON, Justice. Nev. Const. art. 6, § 19; SCR 10.

714

## OPINION

By the Court, MANOUKIAN, J.:

We are asked to set aside a summary judgment of our district court because it accords full faith and credit to a foreign judgment for child support arrearages entered without notice to appellant. For the reasons hereinafter expressed, we reverse.

On July 18, 1958, Ronald Brown, defendant-appellant, and Leona Brown, plaintiff-respondent, were divorced in the State of Idaho. Leona was awarded the custody of the minor child and Ronald was ordered to pay $60.00 per month as and for child support commencing on August 1, 1958, such obligation to continue until the child attained the age of majority. Both parties were represented by counsel at that proceeding.

The fact that no child support payments were made until January of 1968 is undisputed. The subsequent payments were made in accordance with a stipulation and order for support entered on December 15, 1967 in the Eighth Judicial District Court, Clark County, Nevada. This order resulted from a complaint filed by Leona in Colorado under the Uniform Reciprocal Enforcement of Support Act (URESA). NRS 130.010–.370. At that time, Ronald was residing in Las Vegas.

In January of 1977, Leona moved for a judgment in Idaho for child support arrearages allegedly owed by Ronald in the amount of $6,840. No notice was provided to Ronald and the court ordered an entry of judgment in the amount prayed for in

the motion. On April 14, 1977, Leona instituted the present action in the Eighth Judicial District to recover on the January judgment entered by the Idaho court. Thereafter, Leona moved for summary judgment asserting that the 1977 Idaho judgment was entitled to full faith and credit. Ronald opposed Leona's motion for summary judgment and filed a cross-motion for summary judgment contending that, because the Idaho judgment was entered without notice to him, it was not entitled to full faith and credit. Appellant argued below, and now on appeal, that as a result of the lack of notice, he was unable to present any defenses in the Idaho court.[1] Finally, appellant claimed that the alleged arrearages accrued prior to 1968 and were consequently barred by the statute of limitations. Respondent replied, arguing that, because each support installment which matures under a decree becomes a judgment, these past due final judgments could be consolidated into an aggregate judgment and such action did not require notice to the appellant. Respondent stated that the Idaho statute of limitations is applicable and that such statute was tolled as long as the defendant was absent from the state.[2] Respondent asserted that appellant left Idaho in late 1963 and had not returned.

The district court granted Leona's motion for summary judgment in the amount of six thousand eight hundred and forty dollars with interest from the date of the Idaho judgment in 1977. This appeal ensued.

The courts of this state are bound to give full faith and credit to the judgments of the courts of another state. U.S. Const. art. IV, § 1. *See* Franklin National Bank v. Krakow, 295 F.Supp. 910 (D.D.C. 1969); Wicker v. Wicker, 85 Nev. 141, 143, 451 P.2d 715, 716 (1969). But the court rendering such foreign judgment must have had jurisdiction over the parties and subject matter to comport with due process. And due process requires that a party be provided notice and an opportunity

[1]Appellant's affidavit below stated that he had made no payments to Leona pursuant to the original support decree because, shortly after the 1958 decree, respondent "took the child and departed the State of Idaho without advising where they were." Ronald said that he was unaware of the location of Leona and the child until 1968 when he was arrested incidental to the URESA action. The record demonstrates that Ronald made correct support payments from January 1968 until January of 1974 when the daughter reached the age of majority.

[2]*See* Idaho Code §§ 5-215, 5-229 (1979). On the sparse facts found by the trial court, we decline to decide whether the Idaho statute applies.

to be heard. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313 (1950). In the instant case, it is uncontradicted that appellant was not provided with notice when respondent moved for an order in Idaho to bring alleged arrearages to judgment.

Respondent contends that, under Idaho law, past due installments of support constitute a final judgment and, as such, appellant cannot contest these amounts. *See* Brown v. Brown, 165 P.2d 886 (Idaho 1946). *See also* Burke v. Burke, 255 P.2d 740 (Colo. 1953). We do not so read the cases cited. These cases upon which respondent relies did not involve the enforcement in one state of the judgment of another state. And, in each case, the husband was given the opportunity at some point to offer a valid defense to the claimed arrearages. In *Brown,* the husband attempted to have arrearages modified retroactively due to changed circumstances. He did not raise proper defenses such as payment or statute of limitations. In *Burke,* the court specifically found no laches on the wife's part in instituting the action.

A case quite similar to that before us is Griffin v. Griffin, 327 U.S. 220 (1945). *Griffin* involved an action by the wife to enforce a foreign alimony judgment entered against the husband without notice. The foreign judgment had consolidated arrearages due. The Supreme Court found that the lack of notice violated due process and deprived the foreign court of jurisdiction to enter the judgment against the husband. *Id.* at 228. The Supreme Court stated that the laws of New York, the foreign jurisdiction, allowed a husband to modify arrearages retroactively in a proceeding by the wife to docket a judgment for the accrued alimony. *Id.* at 229. But the court also held that the husband was entitled to present *any* defense available to him under the laws of the state. *Id.* at 230–31. The assertion of power by the New York court to adjudicate the husband's liability and to direct enforcement by execution ''does not differ in its nature and constitutional effect from the like assertion of power to issue execution by any other judgment rendered without notice.'' *Id.* at 231. The judgment in New York, like judgments in Nevada, authorized the immediate issuance of execution. *Id.* at 232. *See* NRS 125.180. The defenses available to the husband in *Griffin* were purported to be foreclosed by the New York judgment.

Respondent attempts to distinguish *Griffin* with the recent California case of *In re* Marriage of Wyshak, 138 Cal.Rptr.

811 (Cal.App. 1977). But *Wyshak* involved the wife's enforcement action of arrearages by way of a writ of execution. In addition, the enforcement did not involve a judgment of another state. In California, a judgment for spousal support arrearages may be perfected without a motioned hearing. *Id.* at 814. Nevertheless, a judgment debtor may seek relief from a writ of execution after the fact of its issuance. *Id.* at 816–17. Upon a levy of real property, notice requirements must be met before a sale and the debtor may move to quash the writ at that point. In *Wyshak,* the husband "did have a post-judgment execution hearing" and "an opportunity to present any defenses he may have had to the issuance of the writ and the levy made by petitioner." *Id.* at 817. Thus, at some time during the execution proceedings, a defendant is allowed to present defenses available to him.[3]

In this case, the 1977 Idaho proceedings culminated in a judgment and were conducted without notice to or appearance by appellant.[4] As a result of this deficiency, and to the extent that Ronald was thus deprived of an opportunity to present defenses otherwise available to him under the laws of Idaho against the entry of judgment for accrued child support, there exists a want of *in personam* jurisdiction over appellant and hence, a lack of due process. It follows that Nevada need not afford full faith and credit to the judgment. "[D]ue process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment acquired elsewhere without due process." Davidson & Company v. Allen, 89 Nev. 126, 129, 508 P.2d 6, 7 (1973), *citing* Griffin v. Griffin, 327 U.S. at 229.

Because respondent now is attempting enforcement of the Idaho judgment in Nevada, our district court should consider any defenses appellant would have available to him.[5] The order

---

[3]This, apparently, is the same procedure required by Idaho law when a writ of execution is sought. *Compare* Cal. Civ. Pro. Code § 684 (West 1980) *with* Idaho Code § 11-104 (1979).

[4]It is noteworthy that the judgment is dated the same day the application was filed with the Clerk of the Idaho Court.

[5]Upon remand, the trial court should allow respondent to amend her complaint to enforce arrearages under the valid 1958 Idaho decree. *See* Griffin v. Griffin, 327 U.S. 220, 234-35 (1946). Appellant may then assert any defenses which may be available to him, including a claim of bar under the statute of limitation and alleged deprivation of visitation rights. The trial court must determine which forum law applies according to the facts of the case and must determine the validity of claimed defenses.

granting summary judgment is reversed and the case remanded for further proceedings consistent herewith.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., and ZENOFF, SR. J.,[6] concur.