**Joseph POIRRIER, Appellant (Defendant),**

v.

**Hazel JONES, Appellee (Plaintiff).**

**No. 88–50.**

Supreme Court of Wyoming.

Oct. 27, 1989.

Micheal K. Shoumaker of Shoumaker and Murphy, Sheridan, for appellant.

Clay B. Jenkins of Badley & Rasmussen, P.C., Sheridan, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT and MACY, JJ., and BROWN, J., Retired.

CARDINE, Chief Justice.

This was an action brought under the Uniform Reciprocal Enforcement of Support Act (URESA) and the Uniform Enforcement of Foreign Judgments Act (UEFJA) to recover child support arrearage in the amount of $7,895. From an order of the Wyoming district court requiring that appellant husband, Joseph Poirrier, pay $125 per month upon the arrearage, this appeal is taken.

We affirm.

The issues presented by appellant are:
"1. Whether the Uniform Reciprocal Enforcement of Support Act provides for modification of money judgments.
"2. Whether the Missouri judgment may be modified through the Uniform Foreign Enforcement of Judgments Act.
"3. Whether Hazel Jones established a change in circumstances to necessitate a modification."

Appellee wife, Hazel Jones, states the single issue as:
"Do Wyoming courts have the equitable power to alter child support arrearage installment payments?"

A decree dissolving the marriage of these parties, entered in the state of Washington on April 24, 1975, required that husband pay support for the four children of the marriage, ages six years to twelve years, in the amount of $50 per month per child, or $200 per month. Six years later, on July 13, 1981, wife brought a URESA action in Missouri seeking an order for support. The Missouri Circuit Court of the city of St. Louis entered a support order titled "Memorandum for Clerk" in which it

recited the applicable sections of URESA, registered the Washington decree as a local judgment, ordered support payments of $200 per month ($50 per month per child) as provided in the Washington decree, found child support arrearage in the amount of $9,420, and ordered payment of the arrearage at the rate of $25 per month until paid.

Eight years have passed since entry of the Missouri URESA order, and wife now brings this action to recover arrearage in child support from husband who resides in Sheridan, Wyoming. Wife filed and requested registration of both the Washington decree and the Missouri support order. The case was tried on January 7, 1988, and an order entered, finding a total child support arrearage of $7,895. Judgment was entered against husband in that amount requiring $125 monthly payments on the arrearage.

It is husband's position that the Missouri court reduced the arrearage to a stated sum and provided for payment of that sum at $25 per month, that the Missouri order modified the Washington decree, and that the order modifying the decree must be given full faith and credit by the Wyoming court. Stated another way, husband claims that, because he departed the state of Washington leaving his four children without support, failed to pay support for almost six years, and was found in Missouri $9,420 in arrears, and because of his then current child support obligations was ordered to pay only $25 on the arrearage, he should never be ordered to pay more than $25 per month on the arrearage. At $25 per month, wife will not receive payment of this child support arrearage during her lifetime.

We look first to the support order entered in the Missouri URESA action. The states of Wyoming and Missouri have, with minor changes, adopted the model Uniform Reciprocal Enforcement of Support Act. URESA § 31, as adopted in Missouri Revised Statute § 454.280, provides:

"454.280. Application of payments

"No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

The Missouri Court of Appeals in *Olson v. Olson,* 534 S.W.2d 526, 529 (Mo.Ct.App. 1976), considering the effect of a URESA support order upon a prior decree of a foreign jurisdiction stated:

"The judgment from which this appeal is taken does not purport to modify or supersede the California decree * * *. *Indeed, no court of this state when acting as a responding state could issue an order superseding the foreign support order,* in the sense of suspending or staying its operation, if for no other reason because of the express provision of § 454.280, supra." (emphasis added)

We agree that the plain language of § 454.280 does not permit the Missouri court proceeding under URESA to modify or supersede a prior decree. The effect of the statute upon this case is that the Missouri support order did not modify the Washington decree but provided for support payments to wife to be credited against both the Missouri order and the Washington decree. Husband can satisfy his support obligation in Missouri by compliance with the Missouri URESA order, and, so long as the order is unchanged, he is not subject to contempt for failure to provide child support. The Missouri court in *Elsner v. Elsner,* 425 S.W.2d 254 (Mo.Ct. App.1967), held that support orders of responding courts were not judgments entitled to full faith and credit. We agree and hold that the Missouri URESA support order is not entitled to full faith and credit in Wyoming and therefore is not conclusive in the disposition of this case. We note also that the result in this case would be the same under the Wyoming URESA section, W.S. 20–4–131, which provides:

"A support order made by a court of this state pursuant to this act [§§ 20–4–101 to 20–4–138] does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a

court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state."

Our resolution of this issue is in conformance with the intent and purpose of the framers of URESA, that being "to provide an inexpensive, simplified and effective means of enforcing the duty of support owed by the obligor in one state to the obligee in another state." *Bjugan v. Bjugan*, 710 P.2d 213, 218 (Wyo.1985). *See also* Annotation, *Construction and Effect of Provision of Uniform Reciprocal Enforcement of Support Act That No Support Order Shall Supersede or Nullify Any Other Order*, 31 A.L.R.4th 347, 350 (1984). A URESA proceeding, however, is often one in which the obligor appears and testifies but the obligee, being a resident of a foreign state, may not personally appear. Such a proceeding may not be particularly appropriate as a vehicle for permanent modification of an original decree—the original decree having been entered in a proceeding in which both parties appear, are represented by counsel, and may present evidence and testify.

In arriving at our resolution of this case, we are not unmindful of our prior decisions in *Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo. 1976), and *Bjugan*, 710 P.2d 213. In *Salmeri* we accorded full faith and credit to a New Jersey divorce decree and a New Jersey judgment for arrearage in a UEFJA proceeding. URESA was not involved in *Salmeri*. In *Bjugan*, an original Iowa divorce decree was the subject of a URESA action brought in Wyoming. The trial court entered an order modifying the Iowa decree. We reversed, holding that modification was improper absent notice to the wife that modification would be sought. Three justices specially concurred, leaving the question of modification of an original judgment for future consideration. Each

case is distinguishable from this case. In *Salmeri* and *Bjugan* we considered the efficacy of an original judgment or decree in a divorce action. In this case, we have before us a support order from a foreign jurisdiction in a URESA case. The judgments, decrees and orders result from substantially different proceedings having different purposes and, consequently, are treated differently by courts.

The essence of this appeal was appellant's claim that the Missouri URESA support order establishing arrearage and method of payment was a final judgment entitled to full faith and credit and not subject to modification. This issue has been resolved against appellant. The doctrine of full faith and credit did not preclude the district court from ordering payments on the undisputed arrearage. The judgment of the district court, therefore, is

Affirmed.

BROWN, J., Retired, files a specially concurring opinion in which URBIGKIT, J., joins.

MACY, J., files a dissenting opinion.

BROWN, Justice, Retired, specially concurring with whom URBIGKIT, Justice, joins.

I concur in the result determined by the majority; however, my reasons for affirming the district court differ slightly from that of the majority.

I would narrow the issue before the court as follows:

Do Wyoming courts have equitable power to alter child support arrearage installment payments *set by a responding state in a URESA action?*

Numerous courts have held that an order rendered by a responding court in a Uniform Reciprocal Enforcement of Support Act (URESA) proceeding should not be considered binding in a subsequent action to enforce the original support order, to the extent that the URESA order modifies the original order. Annotation, *Construction and Effect of Provision of Uniform Reciprocal Enforcement of Support Act That*

*No Support Order Shall Supercede or Nullify Any Other Order,* 31 A.L.R.4th 347, 365 (1984).

The Uniform Reciprocal Enforcement of Support Act (URESA) or similar legislation has been adopted in all the states. The model act provides, in part:

> A support order made by a court of this State pursuant to this Act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State.

Uniform Enforcement of Support Act § 31, 9B U.L.A. 531 (1987). Wyoming has a provision similar to § 31 of the Model Act, W.S. 20–4–131, as does Missouri, Mo.Ann. Stat. § 454.280 (1986).

In this case the trial court did what the statute specifies. It determined the amount of child support due under the original support order (Washington). It credited appellant with payments made under a State of Missouri order and determined the arrearage to be $7,895. The court then fixed the installment payment at $125 per month rather than $25 per month. URESA legislation does not prohibit the district court from acting as it did in this case; that is, adjusting the monthly arrearage installment payments. See cases supporting this determination listed at 31 A.L.R.4th 365–66.

A child support order provided for in the divorce decree is not superseded by a subsequent support order rendered by another state in a URESA action. The authority of the court originally ordering child support payments is not affected, nor is its order modified by an order of the court of a responding state fixing another or different amount. *Despain v. Despain,* 78 Idaho 185, 300 P.2d 500 (1956); *Banton v. Mathers,* 159 Ind.App. 634, 309 N.E.2d 167 (1974); *Hamilton v. Hamilton,* 476 S.W.2d 197 (Ky.1972); *Howard v. Howard,* 191 So.2d 528 (Miss.1966).

It was noted in *Nissen v. Miller,* 642 S.W.2d 428, 429 (Tenn.App.1982) that:

> The majority of courts in other jurisdictions hold U.R.E.S.A. orders do not supersede prior support orders. *See e.g., Despain v. Despain,* 78 Idaho 185, 300 P.2d 500 (1956); *Howard v. Howard,* 191 So.2d 528 (Miss.1966); *Campbell v. Jenne,* 172 Mont. 219, 563 P.2d 574 (1977); *Foster v. Marshman,* 96 Nev. 475, 611 P.2d 197 (1980); *Oglesby v. Oglesby,* 29 Utah 2d 491 [419], 510 P.2d 1106 (1973).

Appellant contends in one of his issues on appeal that appellee did not present any evidence of a change in circumstances to justify the modification. At trial in the Wyoming district court, there was evidence of a substantial change in circumstances. In the 1981 Missouri URESA action, appellant was ordered to pay $200 per month child support. At the hearing in Wyoming on this matter in January 1988, the evidence showed that the parties' children had become of age, were emancipated and the $200 per month child support obligation had been discharged. Furthermore, at trial appellee attempted to show further financial change in circumstances. Appellant objected to this testimony and the court sustained the objection. Appellant cannot now complain that a change in circumstances was not shown.

In summary, I would hold that a proceeding under URESA is a supplemental remedy in the courts of a sister state for the enforcement of orders of support. Child support provisions provided for in an original divorce decree are not superseded in a subsequent URESA action and full faith and credit need not be given to the responding state's judgment insofar as it modifies the original decree.

MACY, Justice, dissenting.

By reaching the result it does, the majority purports to rectify an ill-advised decision by the trial court of a sister state. It

is not the function of this Court, however, to act as an appeals court for the State of Missouri, and the decision reached today does violence to the principle of full faith and credit and directly conflicts with recent precedent in this Court.

Appellant Joseph Poirrier and appellee Hazel Jones were divorced in the State of Washington in 1975. Pursuant to the divorce decree, appellant was ordered to pay support for the four children of the parties, who were given to the custody of appellee. Appellant moved to Missouri and did not pay the support as ordered.

Consequently, in 1981, appellee initiated a URESA action to enforce appellant's duty of support and to collect arrearages. The action was heard in the Circuit Court, City of St. Louis. That court ordered that the Washington divorce decree be registered in Missouri as a local judgment and ordered appellant to pay support in accordance with the Washington decree. Additionally, the Missouri court entered a judgment against appellant for accumulated arrearages of $9,420, and ordered appellant to make monthly payments of $25 to appellee until the indebtedness was satisfied. No appeal was taken.

Appellant subsequently moved to Sheridan, Wyoming, and appellee initiated this action pursuant to the URESA and the UEFJA, seeking modification of the $25 monthly payment on the arrearages as ordered by the Missouri judgment. It was established at trial that all the subject children were emancipated. It was further established that appellant had paid his child support obligation except for the arrearages and that his payments on the arrearages were current, with an outstanding balance of $7,895. The district court's order granted appellee a judgment for $7,895 and modified the monthly payments on the arrearages to $125 per month.

The district court lacked authority to modify the Missouri judgment in this manner. Regardless of how the majority characterizes the Missouri order on the arrear-

ages, it was a final judgment for a fixed sum of money, with provision for the method of payment.[1] Although the URESA provides authority for courts of responding states to enforce foreign support decrees and allows such courts to modify foreign support orders with respect to future payments, *Bjugan v. Bjugan,* 710 P.2d 213 (Wyo.1985), it does not provide authority for courts of the responding states to modify arrearages reduced to money judgments. We explicitly recognized as much in *Bjugan,* 710 P.2d at 218, wherein we cited *Salmeri v. Salmeri,* 554 P.2d 1244 (Wyo.1976), for the proposition that, once an arrearage becomes vested with the attributes of a money judgment, it is not subject to modification. We further said, "the fact that a final judgment for a fixed sum of money grows out of a divorce action does not authorize the courts to extend the time of payment or otherwise modify payments." *Bjugan,* 710 P.2d at 219. Similarly, in *Salmeri,* 554 P.2d at 1248, we recognized that a money judgment on an arrearage registered in this state pursuant to the UEFJA, which implements the full faith and credit clause of the United States Constitution, is not subject to attack

> except on grounds that would permit attack upon any other money judgment, such as want of jurisdiction in the court entering the judgment or lack of service so as to vest jurisdiction over the defendant.

Further, although the district court modified only the amount of the monthly payment, it clearly modified the judgment. In *Bjugan,* it was argued that a change in only the amount of the monthly payments ordered by the court of another state did not constitute a modification. We rejected that contention, stating:

> To say that the order changed the amount to be paid each month but did not modify the original decree is nonsensical. Modification means to change, enlarge, or reduce; to modify is to change or alter in a quantitative sense. Black's

---

1. Under similar circumstances, courts of this state have reduced arrearages to judgment and provided for the judgment to be paid in install-

ments. *See, e.g., Manners v. Manners,* 706 P.2d 671 (Wyo.1985).

Law Dictionary (5th ed. 1979). * * * In our view any change in the amount, manner or method of payment constitutes a modification. If an order does not conform to the original decree, it is a modification.

*Bjugan,* 710 P.2d at 219.

Neither the URESA nor the UEFJA, therefore, provided the district court with authority to revise the Missouri judgment.[2] The Missouri court, in the prior URESA action, gave full effect to the Washington decree, ordering continued support and calculating the arrearages. In reducing the arrearages to judgment, the Missouri court additionally provided for the method of payment. It may be that the Missouri court anticipated or intended that the arrearage payments should increase to a rea-sonable sum upon the termination of appellant's monthly child support obligation and that, in an oversight, it simply failed to include such a provision in its order. This, however, is only speculation, and the judgment is specific as to the terms of payment. Appellee did not appeal the Missouri decision, and that judgment is entitled to full faith and credit as a final judgment for a fixed sum of money.

For the foregoing reasons, I respectfully dissent.

---

**2.** The district court recognized that neither of the uniform acts provided authority to modify this judgment, and it invoked its equitable powers to increase the amount of payments on the arrearages. The equitable powers to grant relief from a judgment, however, exist only in the case of fraud, accident, mistake, or undue advantage of the prevailing party. *Midwest Ref. Co. v. George,* 44 Wyo. 25, 7 P.2d 213 (1932); 46 Am.Jur.2d, *Judgments* § 804 (1969). None of these grounds was alleged or found in this case. Further, an unjust judgment or order, by itself, does not provide grounds for relief under equitable principles—the aggrieved party must demonstrate a satisfactory excuse for not having made his claim in the original action and for not having used diligence in seeking relief. *Paul v. Paul,* 631 P.2d 1060 (Wyo.1981).