An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JENNIFER SCHROEDER,
Appellant,
vs.
MATTHEW SCHROEDER,
Respondent.

No. 60600

**FILED**

SEP 2 6 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____ DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court post-divorce decree order changing custody and granting a request to relocate. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia Dianne Steel, Judge.

On appeal, appellant first contends that the district court did not apply the correct legal standard in its custody determination. Appellant argues that the district court was required to consider whether an award of primary physical custody to respondent was in the children's best interests under *Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1249 (2005), but instead improperly focused on the factors for relocation under *Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991). Appellant further argues that several of the district court's factual findings are not supported by the record.

When the parties' share joint physical custody, the parent seeking to relocate must move for primary physical custody of the children for the purpose of relocating, and the district court may modify joint custody to allow for relocation if it is shown that such modification is in the children's best interests. *Potter*, 121 Nev. at 618, 119 P.3d at 1249; *see also* NRS 125.510(2); *Truax v. Truax*, 110 Nev. 437, 874 P.2d 10 (1994).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28804

"The moving party has the burden of establishing that it is in the child's best interest to reside outside of Nevada with the moving parent as the primary physical custodian. The issue is whether it is in the best interest of the child to live with parent A in a different state or parent B in Nevada." *Potter* at 618, 119 P.3d at 1250. Child custody decisions rest within the district court's sound discretion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

Having reviewed the record, we conclude that the district court applied the correct legal standard as set forth in *Potter* and conducted a lengthy analysis of each of the factors delineated in NRS 125.480(4) for determining the children's best interests. The district court found that respondent was more likely to meet the physical, developmental, and emotional needs of the children at this time. The court's findings are supported by substantial evidence in the record, and appellant has identified no erroneous findings that would change this result. *See Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005). While the district court did also consider the *Schwartz* factors, its analysis of these factors did not affect its decision as to the children's best interests. As a result, we conclude that the district court did not abuse its discretion in making the custody determination.[1]

---

[1]Appellant also asserts that the district court did not apply the presumption under NRS 125.490(1) that joint custody is in the children's best interests when the parties so agree. While the district court did not specifically address this presumption, based on the district court's overall factual findings that primary custody with respondent in California was in the children's best interests, we conclude that the presumption was overcome here. *C.f. Mosley v. Figliuzzi*, 113 Nev. 51, 60-61, 930 P.2d 1110, 1116 (1997) (recognizing the presumption for joint physical custody under

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

Appellant next contends that the district court's initial refusal to award her preliminary attorney fees significantly impaired her litigation of the case, including her ability to present expert testimony regarding the children's special needs. While the district court declined to award preliminary attorney fees prior to the evidentiary hearing, the district court later reconsidered the request and awarded appellant $5,000 in preliminary attorney fees in the final order. We conclude that such an award was not an abuse of discretion and that appellant has not demonstrated any prejudice resulting from the district court's initial refusal to award the attorney fees. *See Leeming v. Leeming*, 87 Nev. 530, 532, 490 P.2d 342, 343 (1971) (recognizing the power to award suit money in post-divorce litigation as part of the court's continuing jurisdiction); *see also Halbrook v. Halbrook*, 114 Nev. 1455, 1461, 971 P.2d 1262, 1266 (1998).

Appellant further contends that the district court imposed time limits on her evidentiary presentation, admitted hearsay testimony regarding respondent's educational plan for the children, and did not allow appellant adequate time for cross-examination. She also asserts that the district court refused to continue the evidentiary hearing to resolve discovery issues, and denied her due process. Having reviewed the record, we conclude that the district court did not abuse its discretion as to any of these issues, *see FGA. Inc. v. Giglio*, 128 Nev. ___, ___, 278 P.3d 490, 497

---

. . . *continued*

NRS 125.490, and indicating that circumstances affecting the child's welfare may nonetheless be grounds for altering a joint custody decree).

(2012) (reviewing a district court's evidentiary rulings for an abuse of discretion); *Young v. Nev. Title Co.*, 103 Nev. 436, 441, 744 P.2d 902, 904-05 (1987) (providing that the district court has wide discretion in conducting a trial, including limitations on the presentation of evidence); *Hahn v. Yackley*, 84 Nev. 49, 54, 436 P.2d 215, 218 (1968) (stating that the district court has wide discretion in issues of pretrial discovery), and that the district court's rulings did not deprive appellant of due process. *See Brown v. Brown*, 96 Nev. 713, 715-716, 615 P.2d 962, 964 (1980) (identifying the due process requirements of notice and the opportunity to be heard). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Cynthia Dianne Steel, District Judge, Family Court Division
Paul H. Schofield, Settlement Judge
Kunin & Carman
Kainen Law Group, PLLC
Lemons, Grundy & Eisenberg
Eighth District Court Clerk