YURIKO BINGHAM AKA YURI BINGHAM, APPELLANT, v. REGINALD CLARK BINGHAM, RESPONDENT.

No. 8008

August 26, 1975                    539 P.2d 118

*Scotty Gladstone,* Las Vegas, for Appellant.

*Jones, Jones, Bell, LeBaron and Close,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

When the parties to this action divorced in 1969, they entered into a settlement agreement wherein the husband, respondent herein, agreed to pay appellant "$100 per month for the support and maintenance of each child . . . during the minority of said children." At the time, NRS 129.010 declared 21 to be the age of majority for males; thus, it seems clear the parties intended that respondent's obligation to assist appellant in supporting their son would continue until he attained age 21. The court's decree of divorce approved their agreement, reciting that "the same is hereby merged and incorporated into this judgment and decree as a part hereof."

In 1973, our Legislature amended NRS 129.010 to recite that "[a]ll persons of the age of 18 years who are under no legal disability, shall be capable of entering into any contract, and shall be, to all intents and purposes, held and considered to be of lawful age." This enactment apparently precipitated controversy concerning the rights of appellant, who moved for an order construing the decree. The district court determined that appellant was not entitled to assistance in supporting the parties' son, after he reached the "age of majority" as re-defined in NRS 129.010, and this appeal followed.

We believe the district court erred. "On the date of the agreement and the decree it was contemplated that such payments would continue until the [child] attained age 21 which was then the statutory age of majority for male children. The

intervening amendment reducing to 18 the age of majority from 21 did not affect the father's obligation to pay child support until age 21 or until the child was emancipated." Carpenter v. Carpenter, 316 N.E.2d 207, 208–209 (Ill.App. 1974). Accord: Ruhsam v. Ruhsam, 518 P.2d 576 (Ariz. 1974); Worrell v. Worrell, 489 S.W.2d 817 (Ky. 1973).

Reversed.