JOAN NORRIS, Appellant, *v.* JOSEPH P. NORRIS, Respondent.

No. 8967

February 16, 1977                    560 P.2d 149

*Richard W. Young,* Reno, for Appellant.

*Raggio, Walker & Wooster,* Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

When Joseph and Joan Norris were divorced in 1972, the district court ordered Joseph to pay $200 per month for the support, education, and maintenance of each of the parties' two children "until said children respectively reach the age of majority or are otherwise emancipated." At that time, Nev. Rev. Stat. § 129.010 declared twenty-one to be the age of majority for males. The legislature amended the statute in 1973, reducing to eighteen the age of majority for all persons.[1]

In 1975, when the Norris' son turned eighteen, Joseph stopped making support payments for that child. Joan then moved for an order requiring, among other things, that Joseph continue the support payments or provide sufficient funds for the college education of the son. She also sought an award of

---

[1]The statute provides: "All persons of the age of 18 years who are under no legal disability, shall be capable of entering into any contract, and shall be, to all intents and purposes, held and considered to be of lawful age."

attorney's fees and costs. The district judge, in ruling that the son was not entitled to continued support payments since he had attained the reduced age of majority, determined that, pursuant to Nev. Rev. Stat. § 125.140(2), he was without jurisdiction to provide the relief sought.[2] He also denied Joan's request for attorney's fees. This appeal followed.

It is contended that the decision of this court in Bingham v. Bingham, 91 Nev. 539, 539 P.2d 118 (1975), compelled the district court to rule for Joan. Additionally, she argues that the district court decision resulted in an impermissible retrospective application of the reduced age of majority statute. We reject each contention and affirm the district court.

1. In Bingham we held that "the intervening amendment reducing to 18 the age of majority from 21 did not affect the father's obligation to pay child support until age 21 or until the child was emancipated." However, in that case the father's obligation initially was fixed by agreement which thereafter was merged in the decree. Because of the agreement we concluded that the parties intended the father's obligation to continue during his son's minority which, at that time, terminated at age 21. We so concluded notwithstanding merger of the agreement into the decree.

The case before us differs from Bingham in a material respect. Here, the parties did not enter into an agreement fixing the father's obligation to support. That obligation derives solely from the decree itself. The intention of the parties is not disclosed since an agreement was not made. The court's power to order child support is limited to the minority of the child. Nev. Rev. Stat. 125.140(2); Cavell v. Cavell, 90 Nev. 334, 526 P.2d 330 (1974).

A child's right to decreed support does not vest until the time for each payment has accrued. As we noted in Day v. Day, 82 Nev. 317, 417 P.2d 914 (1966), "accrued payments for child support become vested rights, and are not thereafter subject to modification." It follows that payments which have

[2]Nev. Rev. Stat. § 125.140(2) provides in part: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order, for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same. . . ."

not accrued are subject to modification by the court, or indeed, to termination by subsequent legislative enactment.

2. The statute changing the age of majority to 18 years became effective July 1, 1973. The trial court's application of the amended statute to this case was prospective since the son did not reach his eighteenth birthday until 1975. It is evident that the statutory change did not affect vested rights.

3. The district court did not err in declining to award Joan an attorney's fee. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

Affirmed.

BATJER, C. J., and ZENOFF, MOWBRAY, and GUNDERSON, JJ., concur.