STATE OF NEVADA, by and Through THE WELFARE DIVISION OF THE DEPARTMENT OF HUMAN RESOURCES, Appellant, *v.* MAURICE KEITH HUDSON, Respondent.

No. 13249

August 28, 1981                                     632 P.2d 1148

[Rehearing denied November 3, 1981]

*Richard H. Bryan,* Attorney General, and *Sharon L. McDonald,* Deputy Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Appellant.

*Maurice Keith Hudson,* Santa Barbara, California, In Propria Persona.

## OPINION

*Per Curiam:*

The State of Nevada, by and through the Welfare Division of the Department of Human Resources, filed a complaint in the district court against respondent Maurice Keith Hudson for reimbursement pursuant to the Uniform Reciprocal Enforcement of Support Act. NRS 130.010 *et seq.* An order to show cause and an order appointing a special hearing master in accordance with the Act were subsequently entered.

In his Findings of Fact, Conclusion of Law and Recommended Orders, the special hearing master noted that Mr. Hudson was under no obligation according to the divorce decree with regard to support. The district court upheld the

findings of the master as well as the recommendation that the complaint should be dismissed.

The State of Nevada filed a timely notice of appeal and submitted its opening brief. Appellant subsequently filed a motion to reverse the decision of the district court. To date, respondent Hudson has not filed an answering brief, a motion for an extension of time, or an opposition to the motion to reverse.

Appellant is requesting this court to exercise its discretion pursuant to NRAP 31(c) and treat the respondent's failure to file an answering brief as a confession of error. The relevant portion of NRAP 31(c) states: "The failure of respondent to file a brief may be treated by the court as a confession of error and appropriate disposition of the appeal thereafter made."

The recent case of State of Rhode Island v. Prins, 96 Nev. 565, 613 P.2d 408 (1980) presented a situation which is procedurally similar to the case now before us. The State of Rhode Island appealed from a judgment which held that respondent did not owe support to his child. The respondent failed to file an answering brief. Appellant moved this court to regard the failure as a confession of error, to reverse, and to remand the case to the district court with instructions to determine a reasonable order for child support. We held:

> This court may, in its discretion, treat the failure of a respondent to file his brief as a confession of error, and reverse the judgment without consideration of the merits of the appeal. NRAP 31(c); Kitchen Factors, Inc. v. Brown, 91 Nev. 308, 535 P.2d 677 (1975); Toiyabe Supply Co. v. Arcade, 74 Nev. 314, 330 P.2d 121 (1958).
>
> In our view, this is an appropriate case for such disposition. The judgment in respondent's favor is reversed and remanded . . . .

Id. at 565.

The equities in *Prins* which favored the treatment of respondent's failure to file a brief as a confession of error, however, do not exist in the case now before us. In *Prins,* the respondent was represented by counsel; a request for an extension of time in which to prepare a brief was made and granted. Here, respondent Hudson is not represented by counsel, and has filed no documents, motions, or briefs.

Moreover, an examination of the scanty record on appeal discloses no error in the order of the district court dismissing the complaint. The complaint that was filed by the district

attorney's office sought reimbursement for the $1815 which had been previously paid to respondent's ex-wife by the Welfare Division of the Department of Human Resources, State of Nevada, for the support of her minor child. No court order was attached to the complaint establishing respondent Hudson's legal obligation of support. Apparently, respondent appeared at the hearing before the Special Master and presented a copy of his divorce decree which made no mention of support. Thus, on the record before this court, Mr. Hudson had a defense to the complaint: there was no existing legal duty as of that date requiring him to pay child support.

Reference should be made to NRS 425.360(1), which states:

> Any payment of public assistance creates a support debt to the division by the responsible parent in an amount equal to the least of:
> (a) The amount of assistance paid;
> (b) the amount due under any court order; or
> (c) if there is no court order, to the amount due under any written agreement between the division and a responsible parent.

Both the special master and the district court interpreted the divorce decree dissolving the marriage of respondent and his ex-wife to provide that respondent owed no support. That being the least of the three alternatives set forth in NRS 425.360(1), the district court was correct in dismissing the complaint, and holding, in effect, that respondent as a matter of law did not owe the State of Nevada $1815 as appellant contends.[1]

Affirmed.

---

[1] NRS 425.360(2) allows the Welfare Division to attempt to establish prospectively the noncustodial parent's duty of child support by petitioning the appropriate court for a modification of the order concerning the payment of such support. Following this procedure, the state here could possibly secure reimbursement from respondent Hudson for the future payments made to his ex-wife by the Welfare Division on behalf of their minor child. In the present case, however, there was no such modification, and respondent was not obligated to pay child support under the existing divorce decree. Therefore, there was nothing to "enforce" under the Uniform Act, NRS ch. 130.