In the Matter of the Custody of David James Gulick, SANDRA M. SALINS, Appellant, *v.* LEWIS J. GULICK, Respondent.

No. 14672

February 24, 1984                                    676 P.2d 801

*Sandra M. Salins,* in proper person, Gaithersburg, Maryland, for Appellant.

*Crowell, Crowell, Crowell, Baker & Susich,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court modifying respondent's custody and child support obligations under a Maryland divorce decree.

On April 9, 1982, respondent Lewis Gulick filed a motion in the First Judicial District Court to change custody of his minor son from himself to appellant Sandra Salins, his ex-wife, and to eliminate his child support obligations under the parties' Maryland divorce decree. Sandra thereafter opposed the motion, arguing that Lewis had previously consented to this change of custody and was obligated, under the terms of the prior Maryland divorce decree, to pay her child support until their son reached 21 years of age. Sandra attached an order from a Circuit Court in Maryland, dated January 29, 1982, which transferred custody of the boy to Sandra. Additionally, Sandra indicated in her attached affidavit that she had already initiated an action in the Ninth Judicial District Court, in Douglas County, to obtain past-due child support payments from Lewis under the Uniform Reciprocal Enforcement of Support Act (URESA).

On June 1, 1982, Sandra filed a motion in the First Judicial District Court seeking to dismiss Lewis' motion. Sandra again argued that custody of the boy had already been transferred to her pursuant to the Maryland consent decree, and that an order from the Nevada court was therefore unnecessary. Additionally, Sandra contended that the First Judicial District Court

should decline to entertain Lewis' request for a change of custody, citing NRS 125A.070,[1] because both she and the child reside in Maryland. Lewis, in turn, opposed this motion.

The district court never ruled on Sandra's motion to dismiss, although we note that Sandra never requested submission of the motion under First Judicial District Court Rule 13(F). In the meantime, Sandra's URESA action was resolved. The Ninth Judicial District Court required Lewis to pay child support for the parties' son until the child reached 18 years of age. Although Sandra was not present at the URESA hearing, the Douglas County District Attorney entered into an agreement on her behalf that Lewis would "have no obligation to support the [son] past the age of minority."

Thereafter, on November 18, 1982, Lewis filed a motion in the First Judicial District Court requesting the court to modify custody and to adopt the support provisions of the order entered by the Ninth Judicial District Court in Sandra's URESA action. The very next day, on November 19, 1982, the First Judicial District Court granted Lewis' motion. The First Judicial District Court transferred custody of the parties' son to Sandra, and ordered Lewis to comply with the support obligations set forth in the URESA order of the Ninth Judicial District Court. Additionally, the First Judicial District Court specifically ruled that Lewis would "have no obligation to support the minor child past the age of minority."

Sandra subsequently filed her opposition to Lewis' motion of November 18th, and moved for reconsideration of the district court's order. Sandra contended that the district court did not give her an opportunity to oppose the motion, and that the district court's order deprived her of her right under the parties' Maryland divorce decree to seek child support for her son after he reaches 18 years of age. Lewis opposed any reconsideration, arguing that the parties had stipulated to the terms of the underlying URESA order.

On January 6, 1983, the First Judicial District Court denied Sandra's motion for reconsideration. The district judge stated:

> The only issue which seems to continue to remain unresolved between the parties hereto is related to the obligation of [Lewis Gulick], for support of the subject minor child to age 18 or age 21. This Court determines the appro-

---

[1]Under NRS 125A.070, the district court may decline to exercise its jurisdiction to modify a foreign decree of divorce under the Uniform Child Custody and Jurisdiction Act if it finds that it is an inappropriate forum to make a custody determination under the circumstances of the case, and that a court of another state is a more appropriate forum. NRS 125A.070(3) lists a number of relevant factors the district court may consider in making this determination.

priate law to apply is the law of the State of Nevada. NRS 129.010 establishes the age of majority in Nevada to be 18 years.

Consequently, the district court determined that Lewis' legal responsibility for support of the parties' son would cease when the child reached 18 years of age. Sandra appeals, raising numerous assignments of error. For the reasons set forth below, we reverse.

First, the district court erred by ruling on Lewis' motion of November 18, 1982, without providing Sandra an opportunity to respond. Under First Judicial District Court Rule 13, a party is allowed ten days within which to file an opposition to a motion in district court.[2] The motion of November 18, 1982, does not indicate that any emergency existed so as to preclude Sandra from having an opportunity to respond. The motion was acted upon in an ex parte manner, and this was error under the circumstances of this case.[3]

Second, in granting Lewis' motion of November 18, 1982, the district court simply adopted the support provisions of the URESA order entered by the Ninth Judicial District Court and ordered Lewis to comply with those support obligations. Thus, it appears that the district court relied upon the URESA order as a basis for modifying Lewis' support obligations under the parties' divorce decree, and this was error. NRS 130.280, as amended by the 1981 legislature, provides that an order entered under the Uniform Reciprocal Enforcement of Support Act does not nullify or supersede any previous order of support.[4] Even under former NRS 130.280, an order entered under the

---

[2]First Judicial District Court Rule 13 provides in pertinent part:

 C.  An opposing party, unless otherwise ordered by the Court, shall have 10 days after service of the moving party's memorandum within which to serve and file a memorandum of points and authorities in opposition to the motion.

[3]The record does not clearly indicate, and respondent does not contend, that this initial error was cured by the district court's subsequent reconsideration of its order.

[4]NRS 130.280 now provides in pertinent part:

 (1) A support order made by a court of this state pursuant to this chapter does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar law or any other law, regardless of priority of issuance.

Act did not operate to nullify or supersede any previous order of support unless otherwise specifically provided by the URESA court. *See* Peot v. Peot, 92 Nev. 388, 390, 551 P.2d 242, 243-44 (1976). The URESA order entered against Lewis does not specifically provide for a modification of the parties' divorce decree, nor does it evidence an intention on the part of the Ninth Judicial District Court to modify or supersede the support provisions of the divorce decree. Therefore, the URESA order entered by the Ninth Judicial District Court could not furnish a basis for the district court's modification of Lewis' support obligations under the divorce decree.

Third, in its order denying reconsideration, the district court stated that it was relying upon Nevada's age of majority in modifying Lewis' support obligations. Before relying on Nevada's age of majority, however, the district court should have determined whether the support provisions of the parties' Maryland divorce decree were derived from a settlement agreement between Lewis and Sandra. We have previously ruled that a parent's obligation to pay child support is unaffected by the statutory age of majority where the obligation arises from a settlement agreement which is incorporated into the divorce decree.[5] *See* Bingham v. Bingham, 91 Nev. 539, 539 P.2d 118 (1975); *cf.* Norris v. Norris, 93 Nev. 65, 560 P.2d 149 (1977) (where father's support obligation derived solely from a divorce decree, rather than a settlement agreement, intervening amendment to NRS 129.010 reducing age of majority to 18 years precluded district court from ordering child support after the child reached 18 years). Our review of the record on appeal reveals that the district court did not inquire into the source of Lewis' support obligations. Since a copy of the divorce decree was not presented to the district court and was not included in the record on appeal, we are unable to determine whether Lewis' support obligations arose solely from the decree or from a settlement agreement between the parties. We note that there is no evidence in the record establishing a change in the circumstances of the parties which would otherwise support the district court's modification of Lewis' support obligations. *See* Dawson v. Dawson, 95 Nev. 821, 603 P.2d 691 (1979).

---

[5]Although the parties have not specifically raised a choice-of-law issue in this appeal, we note that Maryland law appears identical to Nevada law with respect to a parent's obligation to support a child who has reached the age of majority. *See* Luhmann v. Luhmann, 376 A.2d 1141 (Md.Ct.Spec.App. 1977).

Accordingly, the order of the district court is reversed, and this matter is remanded for further proceedings.[6]

---

[6]We note that the district court never resolved Sandra's motion to dismiss, in which she argued that the district court was an inappropriate forum within which to adjudicate Lewis' request for a modification of custody. See NRS 125A.070. In its order denying reconsideration, the district court indicated that it had jurisdiction "over the parties and the subject minor children" because it had previously modified the parties' Maryland divorce decree by transferring custody of the parties' children to Lewis in February of 1979. The record indicates that the parties' son, who is the subject of this litigation, no longer resides in Nevada. The boy now resides in Maryland with Sandra, his mother. On remand, the district court should identify the grounds upon which it is asserting jurisdiction in this matter, see NRS 125A.050, and determine whether the Nevada forum is appropriate in light of the factors contained in NRS 125A.070.