JAMES VIX, Appellant, *v.* STATE OF WISCONSIN, ex rel. LONNIE L. VIX, Respondent.

No. 15154

August 24, 1984                                    686 P.2d 226

[Rehearing denied December 24, 1984]

*Darrell Lincoln Clark,* Las Vegas, for Appellant.

---

*Robert J. Miller,* District Attorney, and *Sally L. Loehrer,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court ordering appellant James Vix to pay his former wife, Lonnie Vix, $175 a month in child support payments. For the reasons set forth below, we conclude that the district court was without jurisdiction to enter this order, and we therefore reverse the district court's order in this case.

James Vix and Lonnie Vix were divorced in Las Vegas in 1976, with the district court awarding custody of their only child, John Vix, to James. Lonnie subsequently brought a motion in the district court to modify the divorce decree, seeking, among other things, to gain custody of the child and to obtain a support order for the child's maintenance. In 1978, the district court entered a "modified" divorce decree, reaffirming the initial award of custody of the child to James. Meanwhile, in violation of the custody award, Lonnie took the child to Wisconsin, and refused to return him to James.

While in Wisconsin, Lonnie received some $14,000 in county aid for the support of the child. In 1980, the State of Wisconsin filed an action in the Eighth Judicial District Court of Nevada under the Uniform Reciprocal Enforcement of Support Act (URESA), NRS 130.010 *et seq.,* to obtain reimbursement for its past aid in support of the Vix child, and for an order setting James' future support obligations. The district court ultimately determined that the State of Wisconsin was not entitled to reimbursement, but nevertheless entered an order awarding

prospective child support to Lonnie in the amount of $175 a month.

James has appealed from this order, contending that the district court was without jurisdiction to award child support in the present URESA proceeding. We agree.

In a URESA proceeding, a district court only has jurisdiction to order the enforcement of a *pre-existing* duty of child support, and furthermore is prohibited from modifying or nullifying a pre-existing duty to any extent. *See* NRS 130.280;[1] Salins v. Gulick, 100 Nev. 125, 676 P.2d 801 (1984); State ex rel. Welfare Div. v. Hudson, 97 Nev. 386, 632 P.2d 1148 (1981); Foster v. Marshman, 96 Nev. 475, 478, 611 P.2d 197, 199 (1980). *Cf.* Peot v. Peot, 92 Nev. 388, 551 P.2d 242 (1976) (Nevada statutes prior to 1981 permitted modification of a support award in a URESA proceeding, but only if specifically provided by the URESA court). Here, the duties of the parties with respect to the child's support were already determined by the district court which reaffirmed James' right to custody of the child; in that proceeding, the court determined that James was to be the custodial parent of the child and *sub silencio* determined that James was to have full financial responsibility for the child, with Lonnie having no duty of support. In the URESA proceeding, however, the court altered these obligations, in essence changing James' status to that of a non-custodial parent owing partial child support in the specific sum of $175 a month to Lonnie; thus, not only did the court's URESA order purport to alter James' financial obligations to Lonnie, it essentially changed the custodial status of the parties.

Such changes in the custodial status and financial obligations of the parties were clearly outside of the scope of a URESA proceeding. *See* NRS 130.280, *supra* note 1; NRS 130.290;[2] Salins v. Gulick, *supra;* State ex rel. Welfare Div. v. Hudson, *supra.* Such changes may only be made in a proceeding in which a party has brought a motion to modify the original

[1]NRS 130.280 provides in part that:

    1.  A support order made by a court of this state pursuant to this chapter does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar law or any other law, regardless of priority of issuance.

[2]NRS 130.290 provides in part that:

    1.  The provisions of this chapter apply only with respect to proceedings for the enforcement of duties of support and do not apply to the determination of any collateral issue such as . . . custody. . . .

divorce decree or any subsequent custody or support orders. *See* State ex rel. Welfare Div. v. Hudson, 97 Nev. at 389 n.1, 632 P.2d at 1150. *Cf.* NRS 425.360(2) (Nevada Welfare Division may act in the capacity of a party in seeking modification of a district court's support order).

Since the present proceeding was brought in the context of a URESA action only, the district court's order was entered in excess of its jurisdiction. Accordingly, the district court's order is hereby reversed.