TOM ARVICIO LARA, APPELLANT, *v.* THE COUNTY OF YOLO ON BEHALF OF MONICA CRUZ CONSTANCIO, A MINOR, RESPONDENT.

No. 18357

December 21, 1988                    765 P.2d 1151

*John C. Hope, Jr.,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *Jarold M. Young,* Chief Deputy District Attorney, and *Gregory R. Shannon,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court, entered pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), NRS 130.010 *et seq.* The order requires the appellant to pay continuing child support. For the reasons expressed in this opinion, we affirm the order of the district court.

Monica Cruz Constancio, appellant's daughter, was born on August 9, 1975. Monica's mother did not inform Lara of the child's birth. Monica began receiving welfare benefits in 1982; subsequently, the Welfare Department filed a complaint in Yolo County, California, seeking reimbursement from Lara for $2,141.83 in benefit payments. The complaint was filed under California's RURESA statute, Civ. Proc. Code § 1650 *et seq.* (West 1982), and transferred to Washoe County District Court, which could assert personal jurisdiction over Lara.

The appellant disputed the question of paternity, but agreed to submit to a blood test. He also stipulated to the accuracy of blood tests performed on himself, Monica and her mother, and allowed the admission of the test results as evidence of his paternity. The district court reviewed the evidence and declared that Lara was Monica's father. The court then ordered Lara to reimburse Yolo County for benefits paid by the Welfare Department on Monica's behalf. Lara complied with this order.

A second complaint was filed against Lara by Yolo County in August, 1985. The complaint asked for reimbursement of additional benefits paid for Monica and continuing monthly payments for her support. The district court held a hearing and determined that Lara could afford to pay $100 per month. It then entered an order that Lara should pay $100 per month until Monica reached her majority or became emancipated. This order is the sole subject of this appeal. Appellant contends the district court had no jurisdiction to initiate an order for continuing support, citing our decisions in Vix v. State of Wisconsin, 100 Nev. 495, 686 P.2d 226 (1984), and Taylor v. Vilcheck, 103 Nev. 462, 745 P.2d 702 (1987).

*Vix* and *Taylor* both state that a RURESA court can only enforce a pre-existing duty of support. This does not prevent a district court from enforcing the duty of support which Nevada law imposes upon a parent at the birth of his or her child. NRS 125B.020(1), (4). When Monica was born, Lara acquired the duty to support her. This duty was not enforced until the complaint was filed. The fact that it was not previously enforced does not mean it did not exist. *See* Johnson v. Ross, 405 N.E.2d 569, 571 (Ind.App. 1980). The RURESA statutes specifically state that a court may determine paternity and order the payment of support. NRS 130.220(1), 130.245.[1] This is consonant with the general purpose of RURESA, which is to facilitate the enforcement of support obligations across state lines. *See* NRS 130.030; *Taylor, supra,* 103 Nev. at 462, 745 P.2d at 703.

This conclusion is not inconsistent with our former decisions, because the facts of this case are completely different from the facts presented by earlier cases. Our preceding RURESA decisions have focused upon the effect of a RURESA support order on a prior court decree. In State ex rel. Welfare Div. v. Hudson, 97 Nev. 386, 632 P.2d 1148 (1981), the father held a divorce decree which absolved him of his lawful duty to support his offspring. State v. Vine, 99 Nev. 278, 662 P.2d 295 (1983), held that

[1]NRS 130.220  Order of support.

1.  If the responding court finds a duty of support, it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to that order.

NRS 130.245  Paternity.  If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise the court may adjourn the hearing until the paternity issue has been adjudicated.

support payments may not be imposed upon a man whose parental rights and duties had been extinguished by a court order. *Vix* concerned a father who had obtained custody by decree, and therefore did not owe a duty of support. *Taylor* concerned two families whose relationships had been established by divorce decrees.

In this case, there is no prior court order. Lara's duty to support Monica, which was imposed upon him by her birth, has not been lifted, excused or extinguished by a court of law. The court order which now requires Lara to pay continuing support simply does not modify or nullify a previous decree. Thus it does not conflict with the legislature's determination that a RURESA court should not modify a prior order. *See Taylor, supra,* 103 Nev. at 463, 745 P.2d at 704. Neither does it conflict with our prior holdings in *Hudson, Vix* or *Taylor* which disapproved the nullification or modification of a prior court order.

Additionally, the determination of parenthood does not involve the complex, burdensome litigation which is necessitated by a request for an increase in support due to "changed circumstances." *See Taylor, supra,* 103 Nev. at 470, 745 P.2d at 708. RURESA specifically allows for the determination of paternity by the district court when the evidence required is before it.[2] Lara agreed to submit to a blood test. Monica and her mother were also tested. Lara agreed to accept the accuracy of the test results and agreed that they could be submitted as evidence. Modern medical tests of this nature are quite accurate, and do not require the presence of all parties in the same jurisdiction. They can readily provide the court with sufficient evidence to determine paternity. We conclude that the burden of proving parenthood is not too great an imposition on the resources of the attorney general.

Appellant was afforded a hearing on the issue of paternity, and another hearing on the issue of his ability to pay support. The district court did not abuse its discretion in ordering Lara to pay $100 per month in child support. We therefore affirm the order of the district court.

---

[2]If necessary, further adjudication could proceed according to the parentage statutes, NRS 126.011 *et seq.* An interested third party may bring an action to declare the existence of the parental relationship. NRS 126.071(1). The court may order blood tests of any person involved, and the results of the tests may be received as evidence. NRS 126.121(1). If the parties do not accept the court's pretrial recommendations based on the available evidence, they have the right to a jury trial. NRS 126.151(3). Lara did not demand a jury trial, and did not appeal from the court's finding of paternity. Therefore, we do not need to address this issue at this time.