KAREN JUNE RAMACCIOTTI, APPELLANT, *v.* RALPH R. RAMACCIOTTI, RESPONDENT.

No. 20198

August 21, 1990          795 P.2d 988

*Richard W. Young,* Reno, for Appellant.

*Cooke, Roberts and Reese,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Karen Ramacciotti and respondent Ralph Ramacciotti were divorced in Reno, Nevada, on June 15, 1983. The Ramacciottis have two children, Shannon, who was born on November 1, 1969, and Tiffany, who was born on December 6, 1971.

Pursuant to the judgment and decree of divorce, the district court granted Karen legal custody of Shannon and Tiffany. The district court ordered Ralph to pay $250.00 per month, per child in child support until each child reached the age of 18, was married, or was otherwise earlier emancipated. Shortly thereafter, the legislature amended NRS 125.510 to extend child support obligations until a child completes high school or reaches the age of 19. *See* NRS 125.510(6)(b). The amendment became effective on July 1, 1985.

On October 29, 1987, Karen filed a motion to modify Ralph's child support obligation to both children.[1] Three days later, on November 1, 1987, Shannon turned 18. On March 29, 1989, the district court found that it did not have jurisdiction to modify the support provisions for Shannon because the motion was filed after Ralph had formally discharged his support obligation imposed by the prior decree. The district court also found that NRS 125.510(6) operated prospectively only and could not be applied to Shannon.[2] The district court further determined that pursuant

---

[1]Pursuant to NRS 125.510(6), Karen specifically requested an extension of Ralph's support obligation until either child completes high school or reaches the age of 19. Karen also requested that Ralph's child support obligations be increased to 25 percent of his gross monthly income or $500.00 per month, per child, whichever is less. *See* NRS 125B.070 and 125B.080.

[2]Although the district court's decision refers to subsection 6 of NRS 125.120, it appears that the district court apparently meant subsection 6 of NRS 125.510.

to NRS 125.510(6), Ralph's support obligation to Tiffany was extended until she graduates from high school, in June of 1990. Lastly, the district court found that there was insufficient evidence to warrant a change in Ralph's monthly child support payments for Tiffany.

Karen initially contends that the district court erred by concluding that it lacked jurisdiction to extend Ralph's obligation to provide support for Shannon beyond her eighteenth birthday. Specifically, Karen asserts that the district court erred by relying on Norris v. Norris, 93 Nev. 65, 560 P.2d 149 (1977) and NRS 125B.120(1).[3] We agree.

First, *Norris* is inapposite to the present case because, in that case, the motion to modify was filed after the parties' child turned 18. Here, Karen filed and served her motion to modify on October 29, 1987, before Shannon turned 18.[4] Moreover, NRS 125.510 was amended after *Norris* to allow for child support to continue until a child either completes high school or turns 19. Under these circumstances, we conclude that the district court erred by ruling that it lacked jurisdiction to modify respondent's obligation to support Shannon. *See* McLendon v. Allen, 752 S.W.2d 731 (Tex.App. 1988) (where motion to modify was filed prior to child's eighteenth birthday, trial court's jurisdiction to decide motion was properly invoked, even though the hearing would have occurred after the child's birthday).

Karen next asserts that the amended provisions of NRS 125.510(6)(b) indicate a legislative intent to permit modification of child support orders until the child reaches 19 if the child is still enrolled in high school. Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 621 P.2d 492 (1980) (statutes should be interpreted, so far as practicable, to carry out the purposes of the legislation and to effectuate the benefits intended to be obtained). We agree. If the legislature intended to require that a motion to modify could only be made before the child reaches 18, the legislature could have expressly included such a requirement in the statute. Moreover, we note that the district court applied NRS 125.510(6) inconsistently to the two children. The district court extended child support to Tiffany until she graduates from high school,

---

[3]NRS 125B.120(1) provides:

The obligation of a parent other than that under the laws providing for the support of poor relatives is discharged by complying with a judicial decree for support or with the terms of a judicially approved settlement.

[4]Our review of the record reveals that, contrary to the district court's finding, Karen served the motion by mail prior to Shannon's birthday on November 1, 1987.

which is past her eighteenth birthday, yet refused to do the same for Shannon. Therefore, we conclude that the district court erred by finding that it lacked jurisdiction to modify Ralph's child support obligation to Shannon.

Karen further asserts that the district court erred by determining that it cannot extend child support payments for Shannon past her eighteenth birthday because to do so would give retroactive application to NRS 125.510(6). Specifically, Karen argues that she is not requesting retroactive application of NRS 125.510(6). Rather, she is merely requesting an increase in support and extension of the obligation as of the date her motion was filed, October 29, 1987. This contention has merit.

Although Day v. Day, 82 Nev. 317, 417 P.2d 914 (1966) and its progeny preclude retroactive modification of a decree to increase child support, such a limitation is not applicable here. *See also* Boyes v. Valley Bank, 101 Nev. 287, 701 P.2d 1008 (1985) and Clark County School District v. Beebe, 91 Nev. 165, 533 P.2d 161 (1975). These cases do not prohibit modification of a decree to increase a child support obligation as of the date a motion to modify the decree is filed. As the Washington Supreme Court has observed:

> In a situation warranting modification of child support or alimony, the court may make the modification effective either as of the time of filing the petition or as of the date of the decree of modification, or as a time in between, but it may not modify the decree retroactively.

*See* Bowman v. Bowman, 459 P.2d 787, 789 (Wash. 1969). Accordingly, we conclude, the district court erred by determining that an extension of Ralph's child support obligation past Shannon's eighteenth birthday would result in retroactive application of NRS 125.510(6).

Lastly, Karen asserts that, contrary to the district court's finding, the respective income of the parties is disparate.[5] As of January 2, 1989, Karen had a gross monthly income of $2,738.27 (plus $250.00 per month for child support). Ralph's gross monthly income in 1989 was $4,687.94.[6]

---

[5]The parties' respective incomes are only relevant to Tiffany, and not to Shannon, because Shannon turned 20 in 1989. Tiffany turned 19 this year.

[6]Karen also points out that Ralph receives an employer provided discount on his electric, gas and water bills. Karen's total annual income in 1989, including the child support payments, was $35,739.24. Ralph on the other hand had an annual income of $56,255.28.

The district court looked at the gross monthly income of the parties for *1987,* not 1989. In 1987, Karen's gross annual income was $34,127, plus $5,500 in child support. Ralph's gross annual income in 1987 was $39,674. This court will not reverse a question of fact determined by the trial court, unless it is clearly erroneous or not based upon substantial evidence. Young v. Nevada Title Co., 103 Nev. 436, 744 P.2d 902 (1987). Here, the district court's factual determination as to the parties' incomes was based on substantial evidence but it involved the wrong time period. In light of the disparity between the parties' incomes for 1989, upon remand, a more complete factual analysis respecting the parties' incomes during Tiffany's minority appears warranted. Such an analysis may well support a modification of Ralph's child support obligation to Tiffany on the basis of changed circumstances. *See* 125B.080(2).

Accordingly, we reverse the order of the district court and remand this matter for further proceedings consistent with the views expressed in this opinion.