## EDGAR J. SMITH, II, Appellant, *v.* THE COUNTY OF SAN DIEGO, Respondent.

No. 23648

March 24, 1993 849 P.2d 286

[Rehearing denied July 7, 1993]

*Edgar J. Smith, II,* In Proper Person, for Appellant.

*Rex Bell,* District Attorney, Clark County, for Respondent.

### OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court entered pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), NRS 130.010-.370.

Respondent San Diego County filed a RURESA action against

appellant Edgar Smith. Because Smith lives in Nevada, the case was transferred to Las Vegas for enforcement. San Diego County requested an order requiring Smith to pay child support for his child. The county also alleged that it was entitled to reimbursement from Smith for the amounts it had advanced to support Smith's child. Smith's child had been placed in foster care in San Diego.

A RURESA hearing master recommended that Smith be required to make monthly child support payments. The master also recommended that a judgment for arrearages be entered against Smith. Following a hearing, the district court approved the master's recommendation. This appeal followed.

Smith argues that the district court unlawfully modified his divorce decree by requiring him to pay child support. Smith points out that his California divorce decree does not obligate him to pay child support. The decree merely reserves jurisdiction over the issue of child support. Thus, he contends that the district court lacked power to impose a child support obligation. In support of his argument, Smith cites State ex rel. Welfare Div. v. Hudson, 97 Nev. 386, 632 P.2d 1148 (1981). In *Hudson,* this court held that a parent had a defense to a RURESA action where his divorce decree made no mention of support. *Id.* at 389, 632 P.2d at 1149.

Nevertheless, the rule in *Hudson* has been changed by statutory amendment. *See* 1991 Nev. Stats., ch. 393 § 1 at 1029. Under the current version of NRS 130.220(1), a court shall order an obligor to furnish support if the court finds a duty of support "on the basis of a prior decree or *other obligation at law."* (Emphasis added.) Pursuant to NRS 125B.020[1], a parent has a legal obligation to support his child from the moment the child is born. Thus, the fact that no prior support order has been entered does not prevent a court from enforcing a legal duty of support in a RURESA action. *See also* Lara v. County of Yolo, 104 Nev. 705, 707, 765 P.2d 1151, 1152 (1988). Consequently, Smith's argument lacks merit.

Smith contends that the district court's order violates due process. Smith asserts that San Diego County never notified him that it was providing support to his child. He first learned that support had been provided when San Diego County instituted this

---

[1]NRS 125B.020 provides in part:

 1. The parents of a child . . . have a duty to provide the child necessary maintenance, health care, education and support.

action demanding a judgment for arrearages. Smith contends that in order to satisfy due process requirements, he should have been notified before the debt began accruing.

We conclude, however, that the order of the district court was consistent with due process. In the circumstances of this case, due process does not demand preliability notice. *See, e.g.*, Morris v. Com., Dept. of Social Services, 408 S.E.2d 588, 591-92 (Va.Ct.App. 1991). Because Smith received notice and an opportunity to be heard prior to a final adjudication of his liability, due process was satisfied.

We have carefully considered each of the remaining claims raised by appellant and have concluded that they lack merit.

Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied*, 423 U.S. 1077 (1976). Accordingly, we affirm the judgment of the district court.[2]

---

[2]Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents. In light of this opinion, we deny appellant's motion to proceed in proper person.