# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE GUARDIANSHIP OF: K.M.S., MINOR.

KWAME A.S.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES; AND ASHA COLSON,
Respondents.

No. 81946

FILED

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order appointing a general guardian over a minor ward.[1] Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge. Minor K.M.S. was placed into protective custody when allegations of abuse and neglect were substantiated against her mother. The Department of Family Services (DFS) later filed an amended abuse-and-neglect petition against appellant which was substantiated after an adjudicatory trial. Subsequently, respondent Asha Colson filed a petition for guardianship over K.M.S., which the district court granted following a hearing.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-05362

First, we address appellant's constitutional challenges to the guardianship order.[2] Appellant first argues that his due process rights were violated because he did not receive notice of the guardianship hearing.[3] The record reflects that a citation to appear and show cause regarding K.M.S.'s grandmother's petition for appointment of general guardianship was served on both appellant and his second court-appointed counsel. And this citation provided an August 12, 2020, hearing date for the guardianship petition. Although appellant has not provided a transcript of that hearing, the district court's minutes reflect that his court-appointed counsel was present. Thus, the record reflects that appellant received notice of the guardianship hearing and was represented at the hearing and the others leading up to it.[4] *See Smith v. Cty. of San Diego*, 109 Nev. 302, 304, 849 P.2d 286, 287 (1993) (holding that due process requirements were met where the party

---

[2]We reject DFS' argument that the guardianship order is not an appealable judgment. NRS 159A.375(1) expressly permits appeals from orders granting letters of guardianship.

[3]To the extent appellant also argues that he did not receive notice of the hearing in which K.M.S. was made a juvenile court ward, he did not raise this issue below, and the record reflects that he was present at that hearing. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

[4]To the extent appellant asserts he lacked notice of a September 15, 2020, hearing, the record does not contain any evidence that this hearing was ever scheduled. We therefore need not consider this argument, as we "generally cannot consider matters not contained in the record on appeal." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

received notice and an opportunity to be heard before a final adjudication of the matter).

Appellant's argument that the district court violated his right to counsel also lacks merit because counsel is generally not guaranteed in cases where, like here, a party's physical liberty is not at stake. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 26 (1981) (holding that there is generally no right to counsel unless a litigant's physical liberty is at stake); *see also In re Parental Rights as to N.D.O.*, 121 Nev. 379, 386, 115 P.3d 223, 227 (2005) (concluding that no right to counsel exists in child custody cases involving termination of parental rights). Further, because appellant had no right to counsel in this matter, his ineffective-assistance-of-counsel argument also fails.[5] *See McKague v. Whitley*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996) (providing that "[w]here there is no right to counsel there can be no deprivation of effective assistance of counsel"); *see also Huckabay Props. v. NC Auto Parts*, 130 Nev. 196, 205-06, 322 P.3d 429, 435 (2014) (holding that where there is no right to effective assistance of counsel, the remedy for a private litigant against his or her attorney "is an action for malpractice").

Appellant also argues that the district court improperly coerced him to give self-incriminating testimony at the abuse and neglect trial. But Fifth Amendment rights against self-incrimination apply in civil

---

[5]And we see no error in the district court not appointing substitute counsel as it is well established that a party "may not base a request to substitute court-appointed counsel on a refusal to cooperate with counsel." *Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011).

proceedings only where the incriminating testimony could impact a future criminal proceeding. *See In re A.D.L.*, 133 Nev. 561, 565, 402 P.3d 1280, 1285 (2017). Here, the underlying civil proceedings occurred after appellant's criminal conviction such that the Fifth Amendment did not apply. And, despite appellant's arguments to the contrary, we have held that a district court may make negative inferences from a witness' improper invocation of the Fifth Amendment in civil cases. *See Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 635, 647, 289 P.3d 201, 209 (2012). As such, these arguments do not warrant reversal.[6]

We next address appellant's non-constitutional challenges. First, appellant argues that the district court erred by making K.M.S. a ward of the juvenile court, especially because, in a separate matter involving K.M.S. and her half-sibling, a district court judge and DFS investigator purportedly concluded he was not a danger to them. We conclude that appellant's argument lacks merit. Under NRS 432B.530, to sustain a petition alleging that the child is in need of protection, a preponderance of the evidence must show that a child is in need of protection at the time of removal from the home. And, under NRS 432B.330(2)(a), a child may be in need of protection if the person responsible for her welfare cannot discharge his responsibilities due to incarceration.

---

[6]While appellant argues his double jeopardy rights were violated as his daughter was removed from his care as a result of his domestic violence conviction, this argument lacks merit because the underlying matter was not a criminal matter. *See Hudson v. United States*, 522 U.S. 93, 99 (1997) (holding that the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense").

Here, as to appellant, the district court was presented with evidence that appellant was incarcerated at the time of removal, that appellant had two domestic violence convictions, and that K.M.S.' mother had previously been found to have abused or neglected K.M.S. And the DFS investigator in the present case—who also investigated the matter involving K.M.S. and her half-sibling—refuted appellant's characterization that the investigator said appellant was not a danger to the children. Appellant never provided any admissible evidence refuting the investigator's characterization of events, despite claiming that he had such evidence. Thus, we conclude that substantial evidence supports the district court's finding on this issue. *See Ogawa v. Ogawa,* 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (observing that a district court's factual findings will be upheld if they are supported by substantial evidence and are not clearly erroneous); *Ellis v. Carucci,* 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (explaining that it is the district court's role when acting as the fact finder to weigh evidence and determine witness credibility).

Next, appellant argues that the district court erred by denying his motion for a stay while his criminal appeal proceeded. "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989) (further explaining the factors relevant to these determinations, including whether there is an overlap between criminal and civil cases, and whether such an overlap implicates a party's Fifth Amendment rights). Because a "child's permanency and stability are of the utmost importance, and the child should not be denied stability while

waiting for the parent to address the issues that led to the child's removal," we conclude that the district court did not abuse its discretion by denying appellant's motion for a stay. *Matter of M.M.L., Jr.*, 133 Nev. 147, 150, 393 P.3d 1079, 1082 (2017) (holding that a parent's interest in resolving the issues that led to the child's removal do not override a child's interest in permanency and stability); *see Aspen Fin. Servs.*, 128 Nev. at 651, 289 P.3d at 211 (reviewing an order resolving a motion for a stay for an abuse of discretion); *see also Molinaro*, 889 F.2d at 902 ("While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution.").

Appellant also argues that the district court erroneously ignored his proffered evidence at trial. Appellant attempted to introduce evidence regarding the domestic violence conviction, including a video recording and a police report. However, appellant failed to call any witnesses to authenticate or corroborate this evidence. As such, appellant's evidence constituted inadmissible hearsay, *see* NRS 51.035 (defining inadmissible hearsay); 2 McCormick on Evid. § 216 (8th ed. 2020 update) (explaining the hearsay dangers presented by unscripted recordings, and why these forms of evidence are "not a 'transparent' version of reality"), and the district court thus did not abuse its discretion by excluding it, *see M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) ("We review a district court's decision to admit or exclude evidence for abuse of discretion, and we will not interfere with the district court's exercise of its discretion absent a showing of palpable abuse.").

Finally, appellant argues that the district court erred by granting the guardianship, but he does not identify any errors in the procedure the district court employed or in its appointment of a guardian under NRS Chapter 159A. Thus, we conclude that the district court did not abuse its discretion in granting the paternal grandmother's petition for appointment of guardianship of K.M.S. *See In re Guardianship of N.M.,* 131 Nev. 751, 758, 358 P.3d 216, 220 (2015) (reviewing a district court's appointment of guardianship for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[7]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:  Hon. Robert Teuton, District Judge, Family Court Division
Kwame A.S.
Law Office of Africa A. Sanchez, Esq., LLC
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk
Barbara Buckley
Snell & Wilmer, LLP
Anne R. Traum

---

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.